CARL JOHNN JONSSON, Respondent, *v.* NELSON THOMPSON, Ap-
pellant.

In an action against a hotel keeper to recover an alleged agreed compensa-
tion for services as hostler, defendant claimed to set off moneys received
by plaintiff as gratuities or "scale moneys," and offered to show that it
was the universal custom at hotels to consider scale money as part of the
compensation of the hostlers. This was objected to, and excluded.
*Held* error.

(Argued June 27, 1884; decided December 2, 1884.)

THIS was an action to recover an alleged agreed compensa-
tion for services of plaintiff as hostler at defendant's hotel.

The *mem.* of the opinion is as follows:

"There is no substance in the point made by the appellant
with respect to the use, by the witness Hazard, of a paper
while giving his evidence. The witness testified as of his own
knowledge, and did not pretend to speak from the paper.

All that appears upon the subject is that while testifying he referred to a paper. What the paper was does not appear. The reference to it appears to have been made while the witness was stating the date at which the plaintiff entered the defendant's employ, and this date was admitted in the defendant's own testimony.

" The other point relied upon, on this appeal, is the exclusion by the court of evidence that it was a universal custom to consider scale money as part of the compensation of hostlers employed at hotels. The evidence on the part of the plaintiff tended to establish that his services, as a hostler, were worth $20 per month and his board. The plaintiff had been in the employ of the defendant, as hostler at his hotel, for several years without any settlement. The plaintiff admitted, in his testimony, that he received scales or gratuities, amounting sometimes to as much as $2 and sometimes to as much as $4 per day. There was no evidence of any special agreement as to scales or compensation, except that the plaintiff, before entering the defendant's employ, had been employed by Hazard, a livery-stable keeper, as hostler at $20 per month, and plaintiff testified that he stated that fact to defendant, and Hazard testified that he told defendant he paid plaintiff $20 a month, and defendant said that plaintiff wanted the same from him and he would try him at that. These statements were contradicted by the defendant, and there was no evidence as to any agreement whatever on the subject of scales being credited as part of plaintiff's wages, except that the plaintiff testified that on two occasions he gave scale money to defendant, $23 at one time and $11 at another.

" The evidence on the part of the defendant was that the plaintiff entered his employ, to do yard work, on the 17th day of January, 1874, and went into the stables as hostler, March 13, 1874. That when defendant first hired plaintiff, he made a bargain with him at $10 per month and board, and no other bargain was ever made with him. The defendant, who had been a hotel keeper for many years, then offered evidence that hostlers at hotels received scale money and that this formed part of their compensation. That it was a universal custom at

hotels to consider scale money as part of the compensation of the hostlers.    This evidence was excluded and exception taken. The defendant then offered to prove what the plaintiff's services were worth over the scale money received by him, and this was excluded.

" The referee allowed the plaintiff $10 per month up to the time he became hostler, and $20 per month thereafter, for upwards of three years, until he became sick, amounting to $814.67 and rendered a judgment against the defendant of $673.91 for the balance of the account between the parties, besides costs.

" We think that the referee erred in rejecting evidence of the usage that scale money was considered part of the compensation or wages of hostlers at hotels.  The testimony offered tended to prove a general usage to that effect, and if such a usage existed, the parties may be presumed to have contracted with reference to it.   There was no such clear proof of a special contract, in conflict with the usage, as justified the rejection of the evidence on that ground.    Even if the referee was justified in finding from the evidence that the amount of plaintiff's wages was fixed by agreement at $20 per month, this would not be inconsistent with a usage, if such a general usage existed, that the scale money received by him was to be considered a part of his wages.

" The judgment should be reversed and a new trial granted, with costs to abide the event."

*Wood, Butler & Morris* for appellant.

*M. A. Leary* for respondent.

RAPALLO, J., reads for reversal and new trial.
All concur, except RUGER, Ch. J., and EARL, J., not voting.
Judgment reversed.